# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 4, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| A.K., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 22-1930V |
| v. | * | |
| | * | Special Master Dorsey |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Motion for Redaction. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

Amber Diane Wilson, Wilson Science Law, Washington, DC, for Petitioner.
Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.

### ORDER GRANTING PETITIONER'S MOTION FOR REDACTION[1]

On June 30, 2025, Petitioner filed a motion to redact the undersigned's June 16, 2025 Decision Based on Stipulation. Petitioner's Motion to Redact ("Pet. Mot."), filed June 30, 2025 (ECF No. 64). The undersigned granted Petitioner's request on July 15, 2025. Order Granting Petitioner Motion for Redaction dated July 15, 2025 (ECF No. 69).

On July 18, 2025, Respondent filed a request for clarification of reasoning and analysis in response to the undersigned's Order granting Petitioner's motion for redaction, issued on July 15, 2025. Respondent's Request for Clarification of Reasoning and Analysis for Redaction Decision ("Resp. Request for Clarification"), filed July 18, 2025 (ECF No. 70). On September 3, 2025, the undersigned withdrew her July 15 Order and now issues this Order **GRANTING** Petitioner's motion to redact.

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc. **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

I.      **RELEVANT PROCEDURAL HISTORY**

On December 30, 2022, A.K. ("Petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered IgA Bullous Dermatosis as a result of meningococcal conjugate and meningitis B vaccinations administered on January 3, 2020. Petition at 1-9 (ECF No. 1).

On June 16, 2025, the undersigned issued a Decision Based on Stipulation. Decision Based on Stipulation dated June 16, 2025 (ECF No. 63).

On June 30, 2025, Petitioner filed a motion to redact his name to initials in the June 16, 2025 Decision Based on Stipulation and in the case caption. Pet. Mot. at 1. Petitioner requests his name be redacted and replaced with his initials because "he is pursuing employment in law enforcement and has privacy concerns regarding his award information being open information to the public." Id. Petitioner notes that he "is aware that redaction cannot completely block this information from being made public, however, he believes that redaction of his name to initials on the Decision Based on Stipulation will make it more difficult for this information to be publicly accessible via the internet." Id.

Respondent filed a response to Petitioner's motion on July 3, 2025. Respondent's Response to Pet. Mot. ("Resp. Response"), filed July 3, 2025 (ECF No. 65). Respondent stated he "requests that the Special Master apply the controlling law outlined" in his response. Id. at 4. Respondent "defers to the sound discretion of the Special Master in evaluating the evidence submitted to determine whether redaction is appropriate in this case." Id. Petitioner did not file a reply.

On July 15, 2025, the undersigned issued an order granting Petitioner's motion to redact. Order Granting Petitioner Motion for Redaction.

On July 18, 2025, Respondent filed a response, titled a "request for clarification of reasoning and analysis for redaction decision." Resp. Request for Clarification. Although "Respondent continues to defer to the Special Master's sound discretion on whether or not to grant the Motion," Respondent "requests the Court provide its reasoning and analysis under the applicable law, including Vaccine Rule 18, as amended, for its decision on redaction." Id. at 2. Vaccine Rule 18 requires evidence documenting that a petitioner's career and/or employment would be adversely affected by not redacting a decision, and Respondent argued this evidence was "seemingly absent in the present case, as the Decision in this matter was based on a stipulation and did not disclose medical information beyond [P]etitioner's alleged vaccine injury." Id. Respondent maintained that he does not "advocate in favor of disclosure of

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Order are to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

[P]etitioner's information . . . , but rather defers to the Special Master's judgement as to whether [P]etitioner Motion should be granted." Id. at 3.

Thereafter, Petitioner filed a memorandum and affidavit in support of Petitioner's motion to redact on August 22, 2025. Pet. Memorandum in Support of Pet. Mot. ("Pet. Memo."), filed Aug. 22, 2025 (ECF No. 72); Pet. Exhibit ("Ex.") 35. Petitioner reiterated his reasoning in his memorandum and provided a detailed affidavit explaining how the public disclosure of his financial and medical information combined with his full name would harm him professionally and personally. Pet. Memo.; Pet. Ex. 35.

This matter is now ripe for adjudication.

**II.    DISCUSSION**

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act and Vaccine Rule 18. See § 12(d)(4)(B); Vaccine Rule 18(c). Section 12(d)(4)(B) provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." § 12(d)(4)(B). A motion to redact under Vaccine Rule 18 requires evidence demonstrating the decision contains information "that is a trade secret or commercial or financial in substance and is privileged or confidential" or information "that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy. Vaccine Rule 18(b)-(c). Under this rule, "[e]vidence . . . includes, but is not limited to," "(A) documentation that the objecting party's career and/or employment would be adversely affected by the release of medical information contained within the decision; and/or (B) documentation that the objecting party's personal safety or well-being would be adversely affected by the release of medical information contained within the decision." Vaccine Rule 18(c)(1).

What constitutes a "clearly unwarranted invasion of privacy" requires balancing Petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioner's names, which are not similarly protected automatically, may also be redacted if a petitioner establishes proper grounds for redaction. See R.V. v. Sec'y of Health & Hum. Servs., No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call."). The undersigned will permit redaction in cases, such as this, where a specialized showing is made.

3

The facts and circumstances of this case warrant redaction of Petitioner's name to initials. Petitioner made an adequate showing for redaction. Petitioner anticipates entering a career in public service and/or law enforcement and an internet search linking his name to his injury or financial award may be harmful both professionally and personally. Pet. Ex. 35 at 1. Petitioner has provided a declaration averring that his medical history made him ineligible for military service, and thus, he is fearful a public search linking his name and medical condition could negatively impact his future career goals. Id.

The undersigned agrees and finds a redaction to Petitioner's initials appropriate, reasonable, and warranted pursuant to the Vaccine Act and Vaccine Rule 18. This would protect Petitioner's private financial information and medical health information. **Accordingly, Petitioner's motion for redaction of his name to initials in the Ruling is GRANTED.**

Thus, the public version of the Decision Based on Stipulation shall be redacted to include only Petitioner's initials, A.K. Moreover, the undersigned further directs the clerk to amend the case caption[3] to the following:

```
* * * * * * * * * * * * *   *
A.K.,                       *
                            *
         Petitioner,        *
                            *
v.                          *
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
         Respondent.        *
                            *
* * * * * * * * * * * * *   *
```

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Special Master

---

[3] If either party objects to the undersigned's redaction of the case caption, a motion requesting the undersigned to reconsider redaction of the case caption may be filed.