# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 7, 2026

| | | |
|---|---|---|
| A.K., Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | UNPUBLISHED<br>No. 22-1930V<br>Special Master Dorsey<br>Attorneys' Fees and Costs. |

Amber Diane Wilson, Wilson Science Law, Washington, DC, for Petitioner.
Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On December 30, 2022, A.K. ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that he suffered IgA Bullous Dermatosis as a result of meningococcal conjugate and meningitis B vaccinations administered on January 3, 2020. Petition at 1-9 (ECF No. 1). On June 16, 2025, the undersigned issued a Decision Based on Stipulation. Decision Based on Stipulation dated June 16, 2025 (ECF No. 63).

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On December 8, 2025, Petitioner filed an application for attorneys' fees and costs. Petitioner's Motion for Payment of Petitioner's Attorneys' Fees and Case Costs ("Pet. Mot."), filed Dec. 8, 2025 (ECF No. 77). Petitioner requests compensation in the amount of $68,366.55, representing $63,878.40 in attorneys' fees and $4,488.15 in costs. Id. at 1-2. Petitioner also requests compensation in the amount of $12,437.50, representing former counsel's attorneys' fees. Id. at 1, 3. Pursuant to General Order No. 9, Petitioner warrants that he has not personally incurred any costs in pursuit of his claim for compensation. Id. at 2; Pet. Exhibit ("Ex.") 38. Respondent filed his response on December 17, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Dec. 17, 2025, at 2 (ECF No. 78). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of his counsel, Ms. Amber Wilson: $427.00 per hour for work performed in 2022, $454.00 per hour for work performed in 2023, $479.00 per hour for work performed in 2024, and $505.00 per hour for work performed in 2025. Petitioner also requests the following rate for paralegal work: $150.00 per hour for work performed in 2022.

Petitioner also requests the following hourly rate for the work of his prior counsel, Mr. Daniel Leeper: $460.00 per hour for work performed in 2020, $500.00 per hour for work performed in 2021, and $525.00 per hour for work performed in 2022. Petitioner also requests the following rates for work of his Mr. Leeper's legal assistant: $100.00 per hour for work performed in 2020, $105.00 per hour for work performed in 2021, and $110.00 per hour for work performed in 2022.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.[3] Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.[4] Accordingly, the full amount of costs shall be awarded.

---

[3] Counsel is warned against billing for filing and preparation of exhibits for filing as these have repeatedly been deemed administrative and thus non-compensable. See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same). Counsel is also warned against billing at her attorney rate for paralegal-level work. The undersigned may reduce counsel's fees for these issues in the future.

[4] The undersigned finds Dr. Holzer's total bill of $2,000.00 reasonable under the circumstances and will award it in full; however, in making this finding, the undersigned does not endorse the requested rate.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

**Accordingly,**

**Petitioner is awarded attorneys' fees and costs in the total amount of $68,366.55, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

**Petitioner is awarded attorneys' fees and costs in the total amount of $12,437.50, to be paid through an ACH deposit to Petitioner's prior counsel's, Daniel J. Leeper, IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.